IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA PORTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-13-1948 |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| BANK OF AMERICA, N.A., MERSCORP | § | |
| HOLDINGS, INC., MORTGAGE | § | |
| ELECTRONIC REGISTRATION SYSTEMS, | § | |
| INC., and SELECT PORTFOLIO | § | |
| SERVICING, INC., | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM AND RECOMMENDATION GRANTING<br>DEFENDANTS' MOTION TO DISMISS</u>

Before the Magistrate Judge upon referral from the District Judge is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Document No. 37). Having considered the Motion to Dismiss, Plaintiff's Response in opposition and incorporated request for leave to further amend (Document No. 39), Defendants' Response to Plaintiff's request for leave to further amend (Document No. 40) and Defendants' Reply (Document No. 43), the allegations in Plaintiffs' Second Amended Complaint (Document No. 36), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss (Document No. 37) be GRANTED, and that Plaintiff's claims against Defendants be DISMISSED pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

I.      **Background and Procedural History**

This case was initially filed by Plaintiff Barbara Porter in the 151st District Court of Harris County, Texas, Cause No. 2013-32668, complaining about a foreclosure on her property located at 11211 Marseilles Lane, Houston, Texas, 77082 (hereafter referred to as the "Property"). Defendants removed the case to this Court on the basis of diversity jurisdiction. Following two amendments, Porter now alleges, against JPMorgan Chase Bank, National Association ("JPMorgan"), Bank of America, N.A. ("BANA"), Merscorp Holdings, Inc. f/k/a Merscorp, Inc. ("Merscorp."), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Select Portfolio Servicing, Inc. ("SPS"), claims: (1) for Declaratory judgment; (2) to quiet title and for trespass to title; (3) for unjust enrichment; and (4) for wrongful foreclosure. In support of these claims, Porter generally alleges that she is the owner of the real property located at 11211 Marseilles Lane, Houston, Harris County, Texas, 77082, and that:

> . . . .at all relevant times, Chase was the holder and servicer of Ms. Porter's note, which is further reflected in MERS' own records.
>
> 14.     In fact, Chase remained the holder and servicer of the note and continued to send Ms. Porter monthly mortgage statement. As recently as May 2013, Chase has served Ms. Porter with notice of its continuing intent to foreclose on the property, notwithstanding BANA's purported 2009 Foreclosure.
>
> 15.     Notwithstanding its lack of any legitimate connection to the Property or its financing, these records also demonstrate that in 2009 BANA filed and/or caused to be filed instruments that falsely represented that BANA had an interest in the Property and the authority to foreclose on the Property. BANA had not been assigned the December 5, 2006 Deed of Trust or Note at the time BANA conducted, or caused to be conducted, the foreclosure sale on July 7, 2009, and BANA had no legal authority to enforce the terms of the Deed of Trust or Note and foreclosure on Ms. Porter's home. Said nonjudicial foreclosure was posted and conducted without Ms. Porter's actual knowledge. Moreover, contrary to any rote recitals in any affidavits made by the foreclosing lawyer, said nonjudicial foreclosure was posted and conducted without all of the notices to Ms. Porter required by Texas law and the

underlying contract documents.  More specifically, on information and belief, no proper written notice of sale was served by, or on behalf of, BANA by certified mail at least 21 days before the date of sale, in violation of the substantive requirements of Tex. Prop. Code § 51.002(b)(3), and notwithstanding any prima facie recitals that might, if unchallenged, suffice for purposes of Tex. Prop. Code § 51.002(e).  As circumstantial evidence for this allegation, Ms. Porter relies on the fact that she never received any such notice by certified mail even though she was regularly receiving mail at the Property.  She further relies upon the fact that despite such notice allegedly having been given as part of the purported 2009 Foreclosure, the Defendants continued to purport to threaten foreclosure, and to post additional notices of foreclosure, as late as May 2013 – which would have made no sense if the Defendants genuinely believed, in accordance with any rote recitals of service of notice, that proper notice had actually been sent by certified mail.

16.     Accordingly, the July 7, 2009 foreclosure sale is void and should be set-aside. Ms. Porter has been proximately damaged by the Defendants' conduct and seeks actual and exemplary damages.

17.     BANA wrongfully foreclosed on the Property and at any time may seek to evict Ms. Porter.  But the Defendants' misconduct has also resulted in other serious threats of foreclosure even by others who are not presently parties to this litigation. Specifically, Ms. Porter's homeowners' association, Royal Oaks, has also sent notice to BANA that it is delinquent in paying the homeowner's assessments and, consequently, that Royal Oaks already has, or intends to file a lien [ ] on the Property on which it may then foreclose.

Plaintiff's Second Amended Complaint (Document No. 36) at 6-8.

Defendants, in their Motion to Dismiss, maintain that Porter has not, and cannot, state a claim against them related to the 2009 foreclosure on her home.  With respect the declaratory judgment claim, Defendants maintain that Porter's allegations, when considered along with the loan and property record documents submitted with her original pleading, fail to state a viable challenge to the validity of the 2009 foreclosure. With respect to the quiet title/trespass to title claim, Defendants argue that there are no allegations as to the strength of Porter's title vis-a-vis Defendants and that she has therefore failed to state a quiet title/trespass to title claim.  With respect to the unjust enrichment claim, Defendants maintain that there is no such independent cause of action.  Finally, with respect

to the wrongful foreclosure claim, Defendants argue that with no allegations of a grossly inadequate sales price or a causal connection between a defect in the foreclosure proceedings and a grossly inadequate sales price, Porter has not stated a wrongful foreclosure claim.   Porter, in response to Defendants' Motion to Dismiss, primarily maintains that she has set forth sufficient facts in support of each of her claims; secondarily, she requests leave to further amend.

## II.      Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)).   Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

## III.   Discussion

### A.   Declaratory Judgment Claim

In a multi-faceted claim for declaratory relief, Porter alleges as follows:

20.      Ms. Porter seeks declaratory judgment that the 2009 Foreclosure is void and should be set aside and title in the Property restored to her because, on the date of the foreclosure, the note and Deed of Trust were not owned by BANA.

21.      In the alternative, if BANA establishes that it was acting as trustee or agent for Chase, or in some other lawful and proper capacity in which it had rights to act on Chase's behalf in the purported 2009 Foreclosure, Ms. Porter seeks a declaratory judgment that the Defendants are equitably estopped by their failure to disclose the facts surrounding the purported 2009 Foreclosure while Chase was thereafter negotiating with Ms. Porter for the restructuring of her obligations; that in entering into and continuing those negotiations, and in declining to seek other replacement lenders, Ms. Porter reasonably relied to her detriment on Chase's assertions that it could indeed restructure her mortgage with Chase; and that having failed to disclose either the alleged fact of the purported 2009 Foreclosure or BANA's true role therein, the Defendants are equitably estopped from now asserting that BANA was entitled to conduct the purported 2009 Foreclosure in some representative capacity, through MERS or otherwise, on Chase's behalf.

22.      Additionally and in the alternative, even assuming arguendo that BANA was the lawful owner of the note which was being serviced by Chase, Ms. Porter did not have actual notice of default, intent to accelerate, or intent to foreclose, of the

5

substitution, identity of the substitute trustee, or of the time and place of the trustee's sale.  The Defendants' failure to strictly comply with the deed of trust mandates that the sale be set aside.  Additionally, as further grounds to set aside the sale, assuming BANA was the lawful owner of the note, then the Defendants' failure to strictly comply with notice requirements, as well as the grossly inadequate consideration paid for the Property, mandates that the sale be void and set aside.

23.     Ms. Porter further seeks Declaratory Judgment that the Defendants violated the fraudulent lien statute, which provides in relevant part that defendants "(1) made, presented, or used a document with knowledge that it was a fraudulent lien, claim against, or an interest in real property; (2) intended the document be given legal effect; and (3) intended to cause [p]laintiff's financial injury."  Tex. Civ. Prac. & Rem. Code Ann. § 12.002; *see also Perdomo v. Fed. Nat'l Mort. Ass'n*, No. 3:11-CV-734-M, 2013 WL 1123629 (N.D. Tex. Mar. 18, 2013) (citing *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F.Supp.2d 805 (W.D. Tex. 2012)).

Plaintiff's Second Amended Complaint (Document No. 36) at 9-10.

Porter's allegations as to validity of the 2009 Foreclosure do not state any substantive claim and are contradicted by the relevant loan and foreclosure documents which have been submitted by both sides.   Here, Porter alleges that BANA  had no interest in the Note or the Deed of Trust, and therefore could not have validity foreclosed on the Property.  In the alternative, Porter alleges that if BANA did have some interest in the Note and/or Deed of Trust, its interest was not disclosed to her and the 2009 foreclosure should be set aside on equity grounds for that reason.   Porter's allegations, however, are belied by the public records and other documents both she and Defendants have submitted.  Those documents, which may be properly considered in a Rule 12(b)(6) context, *see Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,  594 F.3d 383, 387 (5th Cir. 2010) ("The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."), include: (1) an "Interest Only

Note," dated December 6, 2006, with Fieldstone Mortgage Company listed as Lender, and Barbara Porter listed as Borrower, Exhibit A to Defendants' Motion to Dismiss (Document No. 37-2); (2) a Deed of Trust dated December 5, 2006, which was recorded in the Harris County records on December 19, 2006, and which identified "MERS" as "nominee for Lender and Lender's successors and assigns," and as a "beneficiary under the Security Instrument," Exhibit B to Plaintiff's Original Verified Petition, attached to Defendants' Notice of Removal (Document No. 1) and Exhibit B to Defendants' Motion to Dismiss (Document No. 37-3); (3) a June 12, 2009, Appointment of Substitute Trustee, by MERS as nominee for Bank of America, NA as successor by merger to LaSalle Bank National Association, as trustee for certificate holders of Bear Stearns Asset Backed Securities I LLC, asset-backed certificates, series 2007-HE3 (hereafter referred to as "BANA as Trustee"), which appointment was recorded in the Harris County records on July 14, 2009, Exhibit D to Plaintiff's Original Verified Petition, attached to Defendants' Notice of Removal (Document No. 1) and Exhibit C to Defendants' Motion to Dismiss (Document No. 37-4); and (4) a Substitute Trustee's Deed, dated July 7, 2009, which reflects a sale of the Property for $498,204.85, by the Substitute Trustee appointed by MERS, Exhibit E to Plaintiff's Original Verified Petition, attached to Defendants' Notice of Removal (Document No. 1) and Exhibit D to Defendants' Motion to Dismiss (Document No. 37-5).

The Deed of Trust provides that MERS "is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns" and is "a beneficiary under this Security Instrument." By virtue of that provision in the Deed of Trust, MERS was a mortgagee under the

7

Texas Property Code[1] and had the authority to assign the Note and Deed of Trust, and pursue foreclosure in the event of a default by Porter.  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 253, 255 (5th Cir. 2013).  When that provision of the Deed of Trust is considered in connection with MERS' subsequent Appointment of a Substitute Trustee, which was done on behalf of BANA as Trustee, *and* the terms of the Substitute Trustee's Deed, it is evident that it was the Substitute Trustee appointed by MERS who foreclosed on the Property on July 7, 2009.   As the documents facially show that the Substitute Trustee had the power and authority to foreclose, Porter's complaints about BANA[2] being a "stranger" to the Note and Deed of Trust, are irrelevant.  While there are no documents in the record which show when BANA as Trustee obtained an interest in the Note and Deed of Trust, the absence of such documents do not render the foreclosure void or even voidable, particularly given MERS' authority to seek and pursue foreclosure as a "mortgagee" under the Texas Property Code.  *Id.*; *see also Bittinger v. Wells Fargo Bank, N.A.*, 744 F.Supp.2d 619, 625 (S.D. Tex. 2010) ("Under Texas law, there is no requirement that the deed of trust assignment be recorded. And under Texas law, the ability to foreclose on a deed of trust is transferred when the note is transferred, not when an assignment of deed of trust is either prepared or recorded.").

As for Porter's allegations that she did not receive notice of default, notice of an intent to accelerate, notice of an intent to foreclose, or notice of the foreclosure sale, her allegations of lack

---

[1] Under TEX. PROP. CODE § 51.0001(4), a "mortgagee" is: "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."

[2] Bank of America, N.A., referred to herein as BANA, is not, as reflected in the loan and foreclosure documents, a proper party to this suit, for it was not BANA that claimed an interest in the Property at the time of foreclosure, but rather *Bank of America, N.A, as successor by merger to LaSalle Bank National Association, as Trustee for certificate holders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE-3* ("BANA as Trustee").

of notice must be viewed against the contents of the "Affidavit of Sending Notice of Sale," which

was attached to the Substitute Trustee's Deed.  In that "Affidavit of Sending Notice of Sale," Janice

Vessella stated under oath that:

> (a)    The holder of the indebtedness secured by a Deed of Trust, dated December 05, 2006, executed by BARBARA PORTER, an unmarried person to ROB V. BUDHWA, Trustee(s) and recorded in the office of the County Clerk under File No. 20060271699, Harris County, Texas; served or caused to be served, at least thirty (30) days preceding the twenty-one (21) day posting date [a] Notice of Acceleration [and] a Notice of Default to each debtor, by certified mail.  On behalf of the holder of the indebtedness, the undersigned, at least twenty-one (21) days preceding the date of the sale, served or caused to be served written notice, by certified mail, on each debtor obligated to pay the indebtedness secured by said instrument according to the records of such holder by the deposit of a copy of the Trustee's Notice of Sale, enclosed in a postpaid wrapper, properly addressed to each such debtor at debtor's most recent address as shown by the records of the holder of such indebtedness, in a post office or official depository under the care and custody of the United States Postal Service.

(Document No. 37-5 at 5-6).  Moreover, the Substitute Trustee's Deed states that each debtor

obligated to pay the indebtedness secured by the Property had been provided notice of the foreclosure

sale, and that "all prerequisites required by law and/or by said Deed of Trust have been duly satisfied

by the beneficiary therein and by said Substitute Trustee(s)."  (Document No. 37-5 at 3).  Under

Texas law, all that is required is that notice be sent – not that it be received.  See TEX. PROP. CODE

§ 51.002(e) ("Service of a notice under this section by certified mail is complete when the notice is

deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last

known address. The affidavit of a person knowledgeable of the facts to the effect that service was

completed is prima facie evidence of service."); *Cavil v. Trendmaker Homes, Inc.*, 2012 WL 170751

at *5 (S.D. Tex. 2012) (notice need not have been received to be adequate); *see also Bittinger v.*

*Wells Fargo Bank, N.A.*, 2011 WL 5415664 at *9 (S.D. Tex. 2011) ("Notice to the debtor is satisfied

so long as the notice is deposited for delivery to the debtor's last known address via certified mail."). Here, the "Affidavit of Sending Notice of Sale," and the contents of the Substitute Trustee's Deed, contain prima facie evidence that the required notices were sent. *Clark v. FDIC*, 849 F.Supp.2d 736, 759-60 (S.D. Tex. 2011); *see also* TEX. PROP. CODE § 51.002(2) ("The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.") As that is all that is required by Texas law, and as Porter has not controverted with any *specific* factual allegations or evidence the contents of the affidavits, she has not stated a plausible claim based on lack of notice.

Finally, while Porter has brought suit against JPMorgan, BANA, Merscorp., MERS and SPS, she has not alleged any facts as against JPMorgan, Merscorp., or SPS that would support any plausible declaratory judgment claim. Defendants do acknowledge in their Motion to Dismiss that JPMorgan serviced the loan and did, subsequent to the 2009 foreclosure, communicate with Porter about a possible loan modification and a scheduled May 7, 2013 foreclosure sale. But that error on the part of JPMorgan, as loan servicer, did not render the 2009 foreclosure void, voidable, or otherwise invalid. Instead, the error essentially allowed Porter to remain living at the Property "rent-free" for over four years following the 2009 foreclosure, and did not, under any plausible theory, cause Porter any injury. As such, and because Porter's allegations, when considered with the loan and foreclosure documents in the record, do not state a plausible claim for declaratory judgment, the declaratory judgment claims in Porter's Second Amended Complaint should all be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

**B.     Quiet Title/Trespass to Title Claim**

In support of her claim to quiet title and/or for trespass to title, Porter alleges that she "executed a note and deed of trust for the Property in dispute on December 5, 2006.  Ms. Porter's title to the Property has been detrimentally affected by BANA's purported foreclosure on July 7, 2009, and BANA cannot show that it had any legal right, estate, title, lien or interest in the Property to permit its foreclosure.  BANA did not represent the owner or holder of the note secured by the deed of trust."  Plaintiff's Second Amended Complaint (Document No. 36) at 12.

"A suit to clear or quiet title-also known as suit to remove cloud from title-relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, review denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507 at *7 (Tex. App.—Houston [1st Dist.] 2011).   Similarly, "[a] party alleging a trespass to title claim must: '(1) prove a regular chain of conveyances from the sovereign, (2) establish a superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession couple with proof that possession was not abandoned.'"  *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004).  Central to both claims is a showing by the plaintiff of a superior right or title to the property.  *Id*.; *Hahn*, 321 S.W.3d at 531-32.

11

Here, Porter has not alleged any facts that would establish a superior right or title to the Property.  While Porter does not admit that she defaulted on her interest only loan on the Property, she also does not contest that the Note was in default at the time of the July 7, 2009 foreclosure sale. Moreover, given the documents which show that MERS had the power and authority to pursue foreclosure, and did so through the appointment of a Substitute Trustee on behalf of BANA as Trustee, Porter cannot show that the foreclosure was improper or invalid.  As such, with no factual allegations that would support a claimed superior right or title to the Property, Porter has not stated a claim against Defendants to quiet title and/or for trespass to try title, and those claims should also be dismissed pursuant to Rule 12(b)(6).

### C.    Unjust Enrichment Claim

In support of her unjust enrichment claim, Porter alleges that:

. . . BANA has been unjustly enriched by its conduct described above in wrongfully purporting to foreclose on Ms. Porter's Property in that it has purported to obtain title to the Property.  Ms. Porter has been proximately damaged by BANA's conduct because it has clouded her title and threatens to wrongfully deprive[] [her] of her Property and/or the proceeds due her from the sale of her Property.  BANA and MERS took undue advantage of her by purporting to foreclose on her Property when they had no legal right to do so – thereby making her rights to the Property unenforceable, and thereby making impossible both her continuing performance of her obligations to Chase and the agreed-upon restructuring of those obligations.

31.    If BANA's claimed title to the Property is confirmed, BANA will thereby have acquired, through the wrongful 2009 Foreclosure, real estate to which it has no legitimate right or title.  A more "unjust enrichment" of a less deserving corporation is hard to even postulate.

Plaintiff's Second Amended Complaint (Document No. 36) at 13.

As argued by Defendants, Porter's unjust enrichment claim is subject to dismissal because Texas law does not recognize an independent cause of action for unjust enrichment.  Instead, under

Texas law, "[c]laims for restitution and unjust enrichment sound in quasi-contract or contract implied in law.  There can be no recovery based on these theories when the same subject matter is covered by an express contract."  *Baxter v. PNC Bank, N.A.*, 541 F. App'x 395, 397 (5th Cir. 2013); *see also Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 422 (5th Cir. 2013) ("with respect to unjust enrichment (count 10), Texas law is clear that such a claim is unavailable when a contract addresses the disputed matter, as is the case with the foreclosure process at issue here")  Here, because Porter's complaints are related to and arise out of the Note and Deed of Trust, she cannot maintain an independent claim for unjust enrichment, and that claim must also be dismissed under Rule 12(b)(6).

### D.    Wrongful Foreclosure Claim

In support of her wrongful foreclosure claim, Porter alleges as follows:

. . . Defendants wrongfully foreclosed [on] her Property.  In this regard, Porter alleges that there was (1) a defect in the foreclosure sale proceedings (to wit: BANA did not have legal authority to foreclose the property; Ms. Porter was not provided statutory notice of default, intent to accelerate and the foreclosure sale); (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.

34.    Ms. Porter has indeed alleged a defect in the 2009 Foreclosure proceedings – that it was performed by and on behalf of someone who was a complete stranger to the Property's title – which purported to strip Ms. Porter of her entire equity and ownership interest in the Property.  The causal connection is direct and obvious: But for BANA's pretense that it had an interest in the Property that gave BANA the power to foreclose upon it, the 2009 Foreclosure could not have happened; and the direct and foreseeable result of BANA's foreclosure was to cloud Ms. Porter's title and thereby to destroy her ability to refinance or otherwise satisfy her obligations to Chase.  Since Ms. Porter got no benefit from the 2009 Foreclosure – Chase certainly didn't credit BANA's foreclosure sale price against Ms. Porter's indebtedness on her mortgage note that Chase holds! – there could hardly be a more "inadequate price."  Since it was purportedly accomplished by a stranger to the Property's actual title, the 2009 Foreclosure's "manner, its fairness, its competitiveness, and its result" are all thrown into such serious doubt that equity will require it to be set aside.

Plaintiff's Second Amended Complaint (Document No. 36) at 13-14.

"The purpose of a wrongful foreclosure action is to protect mortgagors against those sales where, through mistake, fraud, or unfairness, the sale results in an inequitably low price." *In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001).   In Texas, to prevail on a claim of wrongful foreclosure a plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price;  and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.–Corpus Christi 2008); *see also Sotelo v. Interstate Financial Corp.*, 224 S.W.3d 517, 523 (Tex. App.–El Paso 2007) ("The elements of wrongful foreclosure are (1) an irregularity at the sale; and (2) the irregularity contributed to an inadequate price."); *Pollett v. Aurora Loan Services*, 455 F. App'x 413, 415, 2011 WL 6412051 at *1 (5th Cir. 2011) (the elements of wrongful foreclosure are that the Plaintiff's "home sold for a grossly inadequate selling price and [ ] a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price.").

Here, there are no facts in Porter's Second Amended Complaint that fall within *all* of elements required for a wrongful foreclosure claim.  While Porter alleges that there was a defect in the foreclosure proceedings in that she did not receive notice of her default, notice of acceleration or notice of the foreclosure sale, there are no specific factual allegations to support any of the other required elements of a wrongful foreclosure claim.  All the Second Amended Complaint contains is a formulaic recitation of the elements of a wrongful foreclosure cause of action.  There are no specific allegations that the sale price at the 2009 foreclosure sale (498,204.85) was grossly inadequate selling price and no specific allegations that would establish a causal connection between the alleged defects in the foreclosure proceeding and a grossly inadequate selling price.  Moreover,

as set forth above, Porter has included no factual allegations in her Second Amended Complaint that would controvert the prima facie evidence in the Substitute Trustee's Deed that notice of default, notice of acceleration and notice of the foreclosure sale were sent to her by certified mail prior to the foreclosure sale on July 7, 2009.  Porter has therefore failed to state a plausible claim for wrongful foreclosure and the claim should be dismissed pursuant to Rule 12(b)(6).

## IV.    Discussion – Amendment

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires."  When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, Porter has now twice amended her complaint in response to Rule 12(b)(6) Motions to Dismiss filed by Defendants.  As Porter has provided no reasonable basis for allowing a further amendment at this time, and as there is no reasonable likelihood that Porter could amend her claims to overcome the legal deficiencies identified herein, a further amendment of the pleadings should not be allowed.

**V.      Conclusion and Recommendation**

Based on the foregoing, and the determination that Plaintiff Barbara Porter has not, and cannot, state a claim against Defendants for declaratory judgment, to quiet title an/or for trespass to title, for unjust enrichment, or for wrongful foreclosure, the Magistrate Judge

RECOMMENDS that Defendants' Motion to Dismiss (Document No. 37) be GRANTED and that Plaintiff's claims against Defendants all be DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 26th  day of August, 2014.

Frances H. Stacy
United States Magistrate Judge

16